UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
Lushaj,

                Plaintiff,                                      18 Civ. 6751 (KMK) (AEK)

  -against-                                          **ORDER**

Commissioner of Social Security,

                Defendant.
-------------------------------------------------------------x

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

      On April 22, 2021, the Supreme Court issued its decision in *Carr v. Saul*, 141 S. Ct. 1352 (2021). The *Carr* Court held that applicants for Social Security disability benefits who had hearings conducted, and/or decisions issued, by an administrative law judge ("ALJ") whose appointment was not in accordance with the Appointments Clause of the U.S. Constitution were not required to administratively exhaust their Appointments Clause challenges during proceedings before the Social Security Administration before raising such challenges for the first time in federal court. Here, Plaintiff's ALJ hearing was conducted, and the ALJ's decision was issued, before the ALJ's appointment was ratified by the Acting Commissioner of Social Security in July 2018. To date, Plaintiff has not raised an Appointments Clause challenge in this federal court proceeding.

      In light of the *Carr* decision, and to promote efficiency and judicial economy, the parties are directed to meet and confer regarding whether this case should to be remanded to the Commissioner for a new hearing before a constitutionally appointed ALJ different from the ALJ who previously heard and adjudicated Plaintiff's claim for benefits. On or before June 1, 2021, Plaintiff must submit a letter of no longer than five pages setting forth whether or not Plaintiff

believes this case should be remanded at this time.  Plaintiff must submit a letter either requesting remand (along with any legal argument in support of that position) or notifying the Court that Plaintiff does not request remand.  If necessary, on or before June 8, 2021, Defendant may submit a letter of no more than five pages in response.

      Should Plaintiff elect not to request a remand on the Appointments Clause issue at this stage, this may constitute a waiver of the Appointments Clause challenge in all further proceedings, including appeals.  A decision not to request a remand will not prejudice the Plaintiff in any way before this Court, nor will it affect the timing of this Court's decision on the pending motions in this matter should the case remain in federal court.

Dated: May 10, 2021
       White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge